# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BILLY V. WILBURN                                                                                          PLAINTIFF
ADC #109415

v.                                              2:15CV00176-KGB-JJV

MELISSA K. MANSFIELD, Nurse,
ADC, East Arkansas Regional Unit; *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Billy V. Wilburn ("Plaintiff") filed this action alleging Defendants were deliberately indifferent to his serious medical needs. (Doc. No. 6.) Now, Defendants have filed a Motion for Summary Judgment (Doc. Nos. 34-36) seeking dismissal of all claims against them. Plaintiff has responded (Doc. Nos. 41-43) and the matter is ripe for disposition. After careful review of the pleadings, for the following reasons, I find Defendants' Motion should be GRANTED.

### II.  BACKGROUND

Plaintiff was transported from prison and underwent two abdominal surgeries at the University of Arkansas for Medical Sciences in September 2014. (Doc. No. 6 at 4.) He says he was in pain and in need of post-surgical care when he returned to the Arkansas Department of Correction. (*Id.*) Plaintiff alleges Defendants failed to provide the necessary care and follow up treatment that was ordered by his surgeon. (*Id.*) He says he was in so much pain he could not change his dressings and Defendants Mansfield and Keys refused to render any assistance. (*Id.* at 4-5.) Plaintiff further alleges Defendants threw away his sick call requests because they did not want to help him with necessary medical treatment. (*Id.* at 5.) He says Defendants generally refused to render any medical

care or provide him any medication. (*Id.* at 5-6.)

For their part, Defendants assert Plaintiff is unable to establish they acted with deliberate indifference to any of these medical issues. (Doc. Nos. 34-36.) In support, Defendants have provided Plaintiff's medical records, his deposition testimony, and the affidavit of Robert Floss, M.D., Associate Regional Medical Director of Correct Care Solutions, LLC. (Doc. No. 35.)

### III.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV.   ANALYSIS

Defendants argue Plaintiff is unable to establish they were deliberately indifferent to his

serious medical needs. The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Defendants have provided compelling evidence in the form of Dr. Floss's affidavit. Dr. Floss reviewed Plaintiff's deposition and medical records from August 27, 2014, to present and concludes "the care provided by Aric Simmons, Melissa Mansfield, and Yavonda Key was appropriate." (Doc.

4

No. 35-4 at 1-2.)

He states, "It is my understanding that Mr. Wilburn alleges that he received improper care and treatment subsequent to surgery to remove his gallbladder and a portion of his colon on September 5, 2014." (*Id.* at 1.) Dr. Floss says Mr. Wilburn testified during his deposition that nurses provided him with clean bandages and demonstrated to him how they should be applied, but, "Despite this patient education, Mr. Wilburn testified that he never attempted to apply the bandages." (*Id.* at 2.) Plaintiff's deposition testimony supports Dr. Floss's Affidavit. Plaintiff clearly disagreed with his nurses on how they should provide his post-surgical wound care. (Doc. No. 35-3 at 26-33.) Plaintiff admits he was given bandages and instructions on how to care for his wound, but says "it wasn't my job" to provide self care. (*Id.* at 31.) Plaintiff testified, "That wasn't my job; that was her job - - to help me not getting it infected." (*Id.* at 26.)

Dr. Floss further elaborates, "It appears that Mr. Wilburn is suggesting that because he did not receive appropriate care after the surgery . . . that he developed an incisional hernia. This is not the case. Incisional hernias are quite common after abdominal surgery." (Doc. No. 35-4 at 2.) Dr. Floss says Mr. Wilburn was later seen by a surgeon who repaired his hernia. (*Id.*)

With regard to Plaintiff's claims about medication, Dr. Floss states Defendants Mansfield and Key are Licensed Practical Nurses and do not prescribe medication. (*Id.*) He says medical records show that Nurses Mansfield and Key only interacted with Plaintiff for patient education and distribution of medication. (*Id.*)

Plaintiff's medical records also reveal he was seen regularly by prison medical staff. (Doc. No. 35-1.) During September 2014, medical records show Plaintiff was seen on September 9, 10, 11, 12, 17, 18, 19, 21, 22, 23, and 29, 2014. (*Id.* at 16-26.)

Plaintiff filed an emergency grievance on October 6, 2014, for a "big knot" where he had

5

surgery and was seen on October 7, again on October 11 and 12, 2014, and was given an x-ray on October 15, 2014. (*Id.* at 23-26.) After this issue was resolved, Plaintiff's medical records show he made treatment requests for other issues, including some relating to his surgery, but he was provided regular care and treatment. (*Id.* at 27-79.)

My review of the medical records reveal Plaintiff's claims are histrionic and they amount to nothing more than a disagreement with treatment. And such a disagreement does not rise to the level of a constitutional claim. Plaintiff's Response (Doc. No. 41), Brief in Support (Doc. No. 42), and Response to Defendants' Statement of Facts (Doc. No. 43) fail to provide any basis to overcome these findings. So, based on the evidence, I find Plaintiff is unable to establish any of the Defendants exhibited deliberate indifference to his serious medical needs. It is settled law that "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotations omitted). Here, record evidence and the testimony of Dr. Floss both reflect that Plaintiff was properly treated and cared for as the circumstances necessitated. Therefore, Defendants' Motion for Summary Judgment should be GRANTED.

V.  **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Defendants' Motion for Summary Judgment (Doc. No. 34) be GRANTED and this cause of action be dismissed with prejudice.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

6

IT IS SO RECOMMENDED this 26th day of January, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE